**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Adam Chase, individually and as representative for all others similarly situated;

Plaintiff,

v.

**ORDER**
Civ. File No. 00-2468 (MJD/JGL)

W.R. Grace & Co.-Conn.,

Defendant.

---

This matter is before the Court on Plaintiff's motion to remand this action to state court. Plaintiff filed this suit in Minnesota state district court alleging multiple torts and state statutory violations arising from Defendant W.R. Grace's distribution of asbestos-contaminated crushed rock in a Northeast Minneapolis neighborhood. Defendant removed the case to this Court on the basis of diversity jurisdiction.

**Background**

From 1938 to 1989, W.R. Grace and its predecessors in interest operated a vermiculite processing plant in Northeast Minneapolis. Until 1989, W.R. Grace disposed of at least some of its asbestos-contaminated scrap vermiculite by offering it to Northeast Minneapolis residents as "free crushed rock." The residents were not informed that the material contained asbestos, and many placed the scrap vermiculite on their properties for landscaping and gardening. Plaintiff Adam Chase owns a house in Northeast Minneapolis, on which scrap vermiculite containing asbestos has been identified. He filed this suit on



MAR 20 2001
FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

behalf of himself and members of his neighborhood,[1] alleging property damage and soil contamination, under six counts: strict liability, nuisance, trespass, negligence, consumer fraud, and a violation of the Minnesota Environmental Response and Liability Act. The complaint seeks compensatory damages, including lost property values due to contamination and "stigma," as well as investigation, testing and clean-up costs, and an injunction prohibiting Defendant from distributing or emitting asbestos from its processing plants.

## Standard

28 U.S.C. §1441 allows a defendant to remove a civil action brought in state court to federal court if the action is one over which the federal district court has original jurisdiction. The party invoking the removal statute bears the burden of establishing federal jurisdiction, by a preponderance of the evidence. See Missouri v. Western Sur. Co., 51 F.3d 170, 173 (8th Cir. 1995). Courts must strictly construe the removal statute against the party seeking removal. See Hunter v. United Van Lines, 746 F.2d 635, 639 (9th Cir. 1984), cert. den., 474 U.S. 863 (1985).

## Analysis

Defendant Grace removed this matter to this Court on the basis of diversity jurisdiction. 28 U.S.C. §1332. In order to establish diversity jurisdiction in a class action suit, each member of the putative class must meet the $75,000 amount in controversy requirement. See Zahn v. Int'l Paper Co., 414 U.S. 291, 300 (1973); Trimble v. Asarco,

---

[1] The "Affected Neighborhood" is bordered by University Avenue NE, Lowry Avenue NE, Central Avenue NE, and Broadway Street NE. The former W.R. Grace Western Mineral plant, located at 1720 Madison Street NE, is located within the "Affected Neighborhood".

232 F.3d 946, 962 (8th Cir. 2000). Defendant has not attempted to meet its burden of demonstrating that each individual member of the putative class meets the required amount.

Defendant argues instead that this case presents the unusual situation in which the removing party should be allowed to aggregate the claims for purposes of meeting the Zahn requirement. This exception to the non-aggregation rule is allowed when "several plaintiffs unite to enforce a single title or right...." Zahn, 414 U.S. at 294. Claims can be aggregated if they seek to "enforce a single claim that is undivided and common to the class." Burns v. Mass. Mutual Life Insur. Co., 820 F.2d 246, 250 (8th Cir. 1987). The "paradigm cases," allowing claims to be aggregated, "are those which involve a single indivisible res, such as an estate, a piece of property (the classic example), or an insurance policy." Peterson v. BASF, 12 F.Supp. 2d 964 (D.Minn. 1998), quoting Bishop v. General Motors Corp., 925 F.Supp. 294, 298 (D.N.J. 1996). "Aggregation is permitted when the adjudication of one claim implicates the rights of all other claimants." Id.

The Eighth Circuit recently addressed a situation that is factually similar to this case. In Trimble v. Asarco, 232 F.3d 946 (8th Cir. 2000), residents of a neighborhood surrounding a former lead smelter and refinery brought a class action against the owner and former operator of the sight, asserting a federal statutory violation and various state law claims, arising from the emission of lead and other particulates into the air. After dismissing the federal claim, the Circuit Court held that the claims could not be aggregated to satisfy the $75,000 amount-in-controversy requirement because "...the

individual members of the plaintiff class are asserting separate and distinct claims related to their properties...." Id. at 960, citing Snyder v. Harris, 394 U.S. 332, 336 (1969).

The Trimble Court also held that, under Zahn, each and every plaintiff must meet the requirement; that is, the court could not find one plaintiff who met the requirement and then exercise supplemental jurisdiction over the others, notwithstanding recent statutory changes. See id. at 962; see also Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296-97 (2d Cir. 2000)(holding that class members in property owners' diversity-based class action suit against owner of collapsed salt mine could not aggregate claims based on property damage and economic loss in order to meet amount in controversy requirement).

As in Trimble, in this case each plaintiff is asking for damages based on the costs to investigate and clean-up their individual properties, and residual loss in value to their individual properties, both of which are determined on a property-by-property basis. Contrary to Defendant's assertions, Plaintiff is seeking compensation on behalf of each individualized property owner, not "generalized relief" on behalf of the neighborhood. Not every home in the Affected Neighborhood was contaminated, although they all incurred "stigma value loss" in varying degrees. Therefore while the putative class members' interests and claims are common, they are not undivided.

The Court finds that Defendant has not carried its burden of proving that plaintiffs are seeking to enforce a single, indivisible right, and aggregation of damages among the parties to meet the amount in controversy threshold is therefore not appropriate.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Plaintiff's motion to remand this case to state court is GRANTED.

Dated: March 20, 2001.

Michael J. Davis
United States District Court Judge

Chase v. W.R. Grace & Co-Conn.
Civil File No. 00-2468